No. 10,722.

JOHN HENRY & CO. J. T. BEW & CO.

ON TRAVERSE OF ANSWERS OF GARNISHEES.

Answers of garnishees to interrogatories are presumed to be truthful and entitled to full credit until traversed successfully by conclusive proof.

Service of garnishment process on parties supposed to have in their control property belonging to a defendant against whom an attachment has been issued, secures nothing when made *after* such property has passed from the possession of the garishees.

APPEAL from the Civil District Court, Parish of Orleans. *Ellis, J.*

*J. C. & S. L. Gilmore* for Plaintiffs and Appellants:

On a traverse of answers of garnishees the issue as to the garnishees is one of possession in their hands of property of defendant. Garnishees will not be permitted to wage claims of third parties to property in their hands; they have no interest in property seized, and can protect themselves by giving notice of the seizure to third parties claiming, who can properly appear by intervention and third opposition. Code of Practice; Germania Savings Bank vs. Peuser, 40 An. 797; Ober, Nancer & Co. vs. Matthews, 24 An. 90.

2. When garnishees and such claimants are divisions of the same firm or firms connected with each other in close relation, as principal and agent, representing a unit or identity of interest or common concerns under a sale, and the said claimants forbear to intervene, but after a judgment on the traverse ac-

tually become *eo nomine* intervenors, the deed set up by the parties can be treated as simulated and fraudulent on trial of traverse of the answers of the garnishee, without resort to the direct or revocatory action. Lahitte vs. Frere' etc., 42 An. 870.

3. A sale does not include property which it does not call for. A deed of sale in Mississippi, which does not mention immovable property, fifty-seven bales of cotton, precedently shipped to a New Orleans firm, and presumably in this State, will not defeat the recourse of domestic creditors in Louisiana of the vendor garnisheeing the cotton in this City before delivery to the vendees. A simple taking possession in this City in the hands of other persons without intermediation of the vendor in Mississippi will not constitute delivery of the cotton under another general designation in the deed. the *onus* is on the party occupying position of intervenor. Ober Nanson case, 24 An. pp. 90, 94; Rev. C. C. Arts. 491, 1922, 1923, 2247, 2642, 2643, 2644; Oliver vs. Towne, 2 N. S. p. 97; Beirne & Burnside vs. Patton, 17 La. 589, and authorities cited in brief. Wharton on Conflict. Laws, pp. 491, 319, 362, 406, etc.; Benjamin on Sales, p. 510.

4. Under the law of Louisiana delivery is necessary to complete a sale, as to creditors—and delivery of movables under a foreign assignment is necessary to invest the title and defeat seizure of the property in this State by a domestic creditor. Nothing short of possession as owner will defeat an attaching or seizing creditor. Arts. R. C. C. above cited. Gasquet vs. Johnson, 2 La. 514.

*Bayne, Denègre & Bayne* and *Rice & Armstrong* for Garnishees and Appellees:

1. The answers of the garnishees are not contradicted or shown to be untrue, but on the contrary are corroborated by all the evidence offered. In order to successfully traverse the answers of the garnishees they must be "shown to be false either by positive written proof or by the oath of two witnesses worthy of belief." C. P. 264; Brier vs. Godchaux, 35 An. 206.

2. Plaintiffs can not by process of garnishment bring a revocation or other similar action, but must resort to a direct action, and this plaintiffs have done in another suit now before this court (Rec. p. 180). Ivens vs. Ivens & Co., 30 An. 249; 27 An. 456; 25 An. 369; 12 An. 814; Taylor vs. twenty-five bales of cotton, 26 An. 247; 19 An. 16; 33 An. 1026.

3. When that case comes to be heard it will be tried under the issues therein presented, but can not be tried in this court under process of garnishment.

4. Plaintiffs have not yet established by a judgment their claim against defendants and can have no judgment against garnishees. 21 An. 7; 14 An. 374; 5 Martin, N. S. 307.

The opinion of the court was delivered by

BERMUDEZ, C. J. The plaintiffs appeal from a judgment dismissing the rule taken by them, to traverse the answers by the garnishees made herein, under garnishment process, an attachment having issued against the defendants as nonresidents of the state.

The object in view was the subjection to the writ and plaintiff's

claim, of fifty-seven bales of cotton, consigned from Mississippi to New Orleans, and considered at the time of the service of the process on the garnishees as *still* the property of the defendants.

The garnishees are Baldwin & Putnam and Chaffe, Powell & West.

They answered the interrogatories in the negative.

They were served on November 20, 1889.

They contend that *prior* to the service they had parted with, and had delivered the cotton to the rightful owners.

It is satisfactorily established that the cotton was bought from the defendants, in Mississippi, for account of Chaffe & Powell, of this city; that by some mistake, though consigned to Chaffe, Powell & West for their account, it was sent to Baldwin & Putnam; but that, on discovery of the error, this firm was directed to turn the cotton over to the latter firm, for account of the former, which was in liquidation, and that accordingly, Baldwin & Putnam delivered the cotton to Chaffe, Powell & West, who received it and transferred it to Chaffe & Powell, the rightful parties; all this *before* the attachment, or garnishment process had been served.

If it be true, as contended by the plaintiffs, that the title to the cotton was inchoate until actual delivery, it is equally so that it was perfected the moment the cotton came to the possession of the purchasers. On that hypothesis, it follows, as a corollary, that, as the cotton was not seized *while* in the possession of Baldwin & Putnam, *previous* to its being turned over to Chaffe, Powell & West, for account of Chaffe & Powell, but only *after*, the creditors took nothing.

Under such state of facts, it is impossible to conceive how, in the presence of the unequivocal and peremptory denials of the garnishees, who are men of standing in the community, and, in the absence of conclusive proof, setting at naught their sworn declarations and establishing a quite different condition of things, they can be adjudged to have made false representations and be held to produce the cotton, or pay the $2564.22, which it realized.

The differences of the litigants were closely discussed below, but the District Judge, who heard and saw the witnesses who testified before him, and who considered the other testimony and proof adduced, thought the garnishees told the truth. We can not conclude that he erred.

Judgment affirmed.